JAMES FINE *vs.* UNITED PLUMBING AND HEATING SUPPLY COMPANY, INC.

NOVEMBER 16, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This is an action in assumpsit for the recovery of a brokerage fee.  The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the sum of $3,000 with interest from the date of the writ.  The defendant has prosecuted a bill of exceptions to this court, relying solely on its exception to the decision, all other exceptions having been waived.

It appears from evidence, which is substantially undisputed, that the defendant corporation was the owner of a building located at 231 West Exchange street in the city of Providence; that late in 1954 it was endeavoring to sell this building, but without success; and that in the latter part of January 1955 plaintiff, who testified that he was engaged in the real estate business, conferred with the secretary of the defendant corporation, Milton Levin, concerning the sale of the property.

It further appears that on March 2, 1955 plaintiff again conferred with Levin, informing him that he had a prospect for the purchase of the building, and they discussed the terms of their contract for the brokerage fee.  At approximately nine o'clock on the morning of March 3, Levin signed and returned to plaintiff a written agreement dated March 2 which had been left with him the day before.  This agreement authorized plaintiff to represent the defendant corporation as its broker and provided that his commission would be such part of the purchase price as was in excess of $25,000.  The agreement also set forth that on February

10, 1955 at a properly constituted meeting of the board of directors it was voted that any duly elected officer of the defendant corporation was authorized to execute an agreement with a real estate agent for the sale of this building at a price of $25,000 less the apportionment of taxes and water bills at the date of the sale, and that the agent's commission would be the difference between the sale price of $25,000 and the total purchase price.

It further appears that on March 4, 1955 around four o'clock in the afternoon an agreement, dated March 3, 1955, to purchase and sell was executed on behalf of the defendant corporation by Milton Levin as secretary and assistant treasurer of such corporation. This agreement had also been executed by the purchaser. On March 28, 1955 the said agreement was carried out and the property at that time was conveyed to the purchaser by the defendant. It appears that upon the conveyance the president of the defendant corporation had payment withheld of the difference between the $25,000 and the purchase price of $28,000 which, according to the agreement, was to have been the commission of the plaintiff broker.

The defendant contends that plaintiff breached the contract dated March 2, in that at the time it was entered into plaintiff concealed the fact that he had had an offer of $28,000 for the property. The defendant in taking this position relies upon the rule laid down by this court in *Rushton* v. *Andersen,* 47 R. I. 441, 443, that it is the duty of an agent to fully inform his principal as to all facts concerning the transaction which are material to the principal's interest. Conceding that this is a correct statement of the law, we do not perceive that it is controlling because of the evidence and decision in the instant case.

We have carefully examined the transcript and in our judgment there is conflicting evidence on the question of whether plaintiff did have an offer of $28,000 at the time he entered into the agreement dated March 2 concerning

his commission. The plaintiff's testimony contradicts that of witnesses adduced by defendant and is to the effect that he did not receive a firm offer of $28,000 from the purchaser until late in the afternoon of March 3, several hours after the contract had been entered into. It appears from this testimony that until that time plaintiff and the ultimate purchaser had been engaged only in preliminary negotiations.

Consequently the trial justice here was confronted with conflicting evidence on the factual question of whether plaintiff concealed a material fact from his principal. It is our well-settled rule that where the parties submit a case involving matters of fact as well as law to a justice of the superior court sitting without a jury his findings of fact on conflicting evidence are entitled to great weight and will not be disturbed unless they are clearly wrong. *Vitullo* v. *Ambrosino*, 78 R. I. 354. It is clear from the rescript of the trial justice that on the conflicting evidence he reached his conclusion that plaintiff had received no firm offer at the time the parties entered into the agreement. In reaching that conclusion we cannot say that he either misconceived or overlooked any material evidence or that his decision was clearly wrong.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Robert N. Greene,* for plaintiff.

*Jacob J. Alprin,* for defendant.